Hanzhang Xu, Esq. (SBN: 312813)
Plex Law Group, PC
10 Corporate Park, Ste 230
Irvine, CA 92606
Han.x@hxlawoffice.com
Tel: 949-520-6630
Attorney for Petitioner
XIAOQIN REN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| XIAOQIN REN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; ERNESTO SANTACRUZ JR., Field Office Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement; and JAMES JANECKA, Warden, Adelanto ICE Processing Center,<br><br>Respondents. | Case No.<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

**INTRODUCTION**

1. Petitioner Xiaoqin Ren is a citizen of the People's Republic of China who was inspected and lawfully admitted to the United States at Los Angeles, California, on September 29, 2024, as a B-2 nonimmigrant. Her Form I-589 identifies March 28, 2025 as the expiration of her authorized stay. Before that date, Petitioner timely filed an affirmative application for asylum and withholding of removal with U.S. Citizenship and Immigration Services ("USCIS"). USCIS received that application on December 11, 2024. Petitioner's request for asylum and related protection remains unresolved. See Exs. A-C.

2. For nearly two years after her lawful admission, the Government permitted Petitioner to live at liberty in the United States while her asylum matter remained pending. Petitioner maintained a fixed residence, formed substantial family ties, and has no criminal convictions. She is now married to a United States citizen and has one biological child and one stepchild.

3. On August 18, 2026, ICE officers arrested Petitioner at Los Angeles International Airport and transferred her to the Adelanto ICE Processing Center. On information and belief, ICE acted because Petitioner had remained in the United States beyond the expiration of her B-2 authorized stay. Before taking her liberty, Respondents gave Petitioner no advance notice that detention was being considered and no meaningful opportunity to be heard before a neutral decisionmaker regarding flight risk, danger, or alternatives to detention.

4. Petitioner remains confined at Adelanto. Her next immigration-court hearing is presently scheduled for October 6, 2026 at 1:00 p.m. She has no final order of removal. This Petition challenges only the legality and constitutionally inadequate process surrounding her present civil detention; it does not seek review of the merits of her removal proceedings or asylum claim.

5. Recent decisions from this District have repeatedly granted habeas relief to materially similar noncitizens who were lawfully admitted, later remained in the United States while pursuing immigration relief, and were arrested and detained without constitutionally adequate pre-deprivation process. See *Qing Tu v. Janecka*, No. 5:26-cv-04343-ACCV, Dkt. 10 (C.D. Cal. Sept. 8, 2026); *Mei Yao v. Janecka*, No. 5:26-cv-04735-DTB, Dkt. 9 (C.D. Cal. Sept. 10, 2026); *Dixon v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-05052-DFM, Dkt. 11 (C.D. Cal. Sept. 15, 2026); and *Xin Lin v. Janecka*, No. 5:26-cv-04915-DFM, Dkt. 10 (C.D. Cal. Sept. 16, 2026). Those decisions apply the *Mathews v. Eldridge* balancing framework and recognize that the

Government's prior decision to leave a known, compliant noncitizen at liberty can create a substantial liberty interest that may not be extinguished without constitutionally sufficient process.

**JURISDICTION**

6. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and Article I, § 9, cl. 2 of the United States Constitution.

8. Federal courts retain jurisdiction under 28 U.S.C. § 2241 to review the legality of Executive immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Petitioner seeks release from allegedly unconstitutional physical custody, a traditional habeas remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

9. The jurisdiction-stripping provisions governing review of removal orders do not bar this action because Petitioner does not challenge a removal order, the decision to commence proceedings, or the merits of any discretionary immigration relief. She challenges only the constitutionality and statutory basis of her current physical confinement.

**VENUE**

10. Venue is proper in this District because Petitioner is detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301, and her immediate custodian is located in this District. *Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004); 28 U.S.C. § 1391(e).

11. Venue is proper in the Eastern Division because Adelanto is located in San Bernardino County. 28 U.S.C. § 84(c)(1).

**REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243**

12. Section 2243 directs the Court to award the writ or issue an order to show cause "forthwith" unless it appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243.

13. Petitioner is "in custody" for purposes of § 2241 because she is physically confined by Respondents at the Adelanto ICE Processing Center.

**PARTIES**

14. Petitioner Xiaoqin Ren, A# 242-403-908, is a 37-year-old citizen of China. She is detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301.

15. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security ("DHS") and is sued in his official capacity.

16. Respondent Todd Blanche is the Attorney General of the United States and is sued in his official capacity.

17. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE") and is sued in his official capacity.

18. Respondent Ernesto Santacruz Jr. is the Field Office Director of ICE Enforcement and Removal Operations, Los Angeles Field Office, and is sued in his official capacity.

19. Respondent James Janecka is the Warden of the Adelanto ICE Processing Center and Petitioner's immediate physical custodian. He is sued in his official capacity.

20. All Respondents are sued solely in their official capacities.

**LEGAL FRAMEWORK**

**A. Detention Authority Under 8 U.S.C. § 1226(a)**

21. Section 1226(a) is the default detention statute for noncitizens in removal proceedings who are not subject to a separate mandatory-detention provision. *Avilez v. Garland*, 69 F.4th 525,

529 (9th Cir. 2023). It authorizes detention pending a decision on removability but also permits release on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2).

22. Section 1225(b)(2)(A), by contrast, concerns certain applicants for admission. The INA defines an "applicant for admission" to include a noncitizen "present in the United States who has not been admitted" or who "arrives in the United States." 8 U.S.C. § 1225(a)(1). "Admission" means the lawful entry of a noncitizen after inspection and authorization by an immigration officer. 8 U.S.C. § 1101(a)(13)(A).

23. Petitioner was inspected and admitted as a B-2 nonimmigrant at Los Angeles on September 29, 2024. Her later overstay does not undo that admission or convert her into an arriving alien. On information and belief, DHS is treating Petitioner as removable for remaining in the United States beyond the expiration of her authorized B-2 stay, a charge ordinarily brought under 8 U.S.C. § 1227(a)(1)(B). Accordingly, her detention pending removal proceedings is governed by § 1226(a), not § 1225(b)(2)(A). See *Dixon v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-05052-DFM, Dkt. 11, at 2-3 (C.D. Cal. Sept. 15, 2026); *Xin Lin v. Janecka*, No. 5:26-cv-04915-DFM, Dkt. 10, at 2-4 (C.D. Cal. Sept. 16, 2026).

24. The distinction matters because § 1226(a) detention is discretionary and directed toward individualized concerns such as ensuring appearance and protecting the community. See *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).

**B. Procedural Due Process and the Mathews Framework**

25. The Fifth Amendment prohibits the Government from depriving any person of liberty without due process of law. U.S. Const. amend. V. The Clause protects noncitizens within the United States regardless of whether their presence is lawful, unlawful, temporary, or permanent. Zadvydas, 533 U.S. at 693.

26. Freedom from physical detention lies at the core of the liberty protected by the Due Process Clause. Id. at 690; *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

27. Due process generally requires an opportunity to be heard at a meaningful time and in a meaningful manner before the Government deprives a person of liberty. *Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976); *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

28. Under Mathews, the Court balances: (1) the private interest affected; (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards; and (3) the Government's interest and the burdens of additional procedures. 424 U.S. at 335. The Ninth Circuit recognizes Mathews as a flexible framework that accounts for the Government's interests in the immigration-detention context. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

29. In a line of recent decisions, courts in this District have applied *Mathews* to detention of noncitizens who had lived at liberty while the Government knew their identity, address, and immigration status. Those courts have found a substantial liberty interest in continued freedom, a high risk of erroneous deprivation where detention occurs without advance notice or a neutral hearing, and a comparatively low governmental interest in bypassing feasible pre-deprivation process absent exigent circumstances. See *Qing Tu v. Janecka*, No. 5:26-cv-04343-ACCV, Dkt. 10, at 5-8 (C.D. Cal. Sept. 8, 2026); *Mei Yao v. Janecka*, No. 5:26-cv-04735-DTB, Dkt. 9, at 6-12 (C.D. Cal. Sept. 10, 2026); *Zhou v. Janecka*, No. EDCV 26-04167-DTB, 2026 WL 2365550, at *4-7 (C.D. Cal. Aug. 14, 2026); *Xin Lin v. Janecka*, No. 5:26-cv-04915-DFM, Dkt. 10, at 6-11 (C.D. Cal. Sept. 16, 2026).

30. Qing Tu is particularly instructive. There, a Chinese national lawfully entered on a B-1/B-2 visa, filed for asylum, lived openly while the application remained pending, and was later

arrested at Los Angeles International Airport without advance notice or a pre-deprivation hearing. The court granted habeas relief and ordered immediate release, reasoning that the Government's prolonged decision not to detain her, coupled with her known residence and clean record, created a substantial liberty interest and that a pre-deprivation hearing was feasible. Qing Tu, No. 5:26-cv-04343-ACCV, Dkt. 10, at 1-9.

31. Mei Yao likewise involved a Chinese national lawfully admitted on a B-1/B-2 visa, an asylum application, a known address, no criminal history, and an arrest at LAX without advance notice or neutral review. The court granted the writ and ordered immediate release, holding that later process did not cure the initial deprivation. Mei Yao, No. 5:26-cv-04735-DTB, Dkt. 9, at 2-13.

32. Most recently, *Dixon* and *Xin Lin* ordered immediate release of admitted noncitizens held under § 1226(a) where the Government had not provided constitutionally adequate process before replacing established liberty with detention. *Dixon*, No. 5:26-cv-05052-DFM, Dkt. 11, at 4-9; *Xin Lin*, No. 5:26-cv-04915-DFM, Dkt. 10, at 6-12.

**C. Exhaustion**

33. No statute imposes a jurisdictional exhaustion requirement for this § 2241 challenge to immigration detention. To the extent prudential exhaustion principles apply, the Court may excuse exhaustion where administrative remedies are inadequate or futile, or where irreparable injury would result. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

34. Exhaustion should be excused here because Petitioner challenges the absence of constitutionally adequate process before her detention. A later bond hearing cannot retroactively provide the pre-deprivation process she alleges was constitutionally required. See Qing Tu, No.

5:26-cv-04343-ACCV, Dkt. 10, at 3-4; *R.N.G. v. Semaia*, No. EDCV 26-2839-DSR, 2026 WL 2089544, at *3 (C.D. Cal. July 14, 2026). Continued detention also inflicts an ongoing loss of physical liberty that cannot be fully remedied by delay.

## FACTUAL BACKGROUND

35. Petitioner was born on June 18, 1989, in Lianyungang City, Jiangsu Province, China. She is a citizen and national of China. See Exs. A-B.

36. Petitioner holds Chinese passport number EM5717949. Her passport was issued in Jiangsu on May 13, 2024 and is valid through May 12, 2034. See Ex. A.

37. On September 29, 2024, Petitioner was inspected and admitted at Los Angeles, California as a B-2 nonimmigrant. Her Form I-589 lists I-94 number 193099913A4 and March 28, 2025 as the expiration of her authorized stay. See Ex. B.

38. On November 14, 2024, Petitioner signed her affirmative asylum materials, describing persecution she suffered in China. USCIS received her Form I-589 on December 11, 2024, while her B-2 period of admission remained valid. USCIS issued a Form I-797C receipt notice confirming that the application was complete and pending as of December 11, 2024. See Exs. B-C.

39. Petitioner's asylum claim remains unresolved. Her application identifies her fear of persecution in China and gives her a powerful incentive to remain available and prosecute the case rather than abscond. See Exs. B-C.

40. Before her arrest, Petitioner resided at 173 Fielder Lane, Grants Pass, Oregon 97526. She is married to a United States citizen and has one biological child and one stepchild. These family ties further connect her to the United States and support appearance through non-custodial conditions if any are necessary.

41. Petitioner has no criminal convictions.

42. On August 18, 2026, Petitioner was arrested by immigration authorities at Los Angeles International Airport. On information and belief, ICE arrested her because her B-2 authorized stay had expired.

43. On information and belief, Petitioner was not provided advance notice that ICE intended to arrest and detain her, was not given the evidence or reasons asserted to require detention before the arrest, and was not afforded a hearing before a neutral adjudicator at which she could address flight risk, dangerousness, or alternatives to confinement.

44. Petitioner was transferred to the Adelanto ICE Processing Center, where she has remained in ICE custody since August 18, 2026.

45. Petitioner's next immigration-court hearing is scheduled for October 6, 2026 at 1:00 p.m. Petitioner has no final order of removal.

46. By the time of her arrest, the Government had known Petitioner's identity and immigration history for nearly two years and had had her affirmative asylum application on file since December 2024. There is no identified emergency in the present record explaining why constitutionally adequate notice and neutral review could not have occurred before the Government replaced her established liberty with physical confinement.

47. Petitioner's detention separates her from her United States citizen spouse and children, disrupts her ability to assist counsel and prepare her pending asylum claim, and imposes the severe loss of liberty inherent in civil confinement.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**Violation of the Fifth Amendment – Procedural Due Process**

48. Petitioner realleges and incorporates paragraphs 1 through 47.

49. Petitioner had a substantial protected liberty interest in remaining free from physical detention. She was lawfully admitted, filed an affirmative asylum application while still in authorized B-2 status, lived at liberty for nearly two years while the Government knew her identity and immigration status, developed substantial family ties, and has no criminal convictions. See Zadvydas, 533 U.S. at 690, 693; Qing Tu, No. 5:26-cv-04343-ACCV, Dkt. 10, at 5-6.

50. The first Mathews factor therefore weighs strongly in Petitioner's favor. Her interest is not an abstract entitlement to remain permanently in the United States; it is the concrete and elemental interest in freedom from physical confinement while removal proceedings and her pending asylum claim are adjudicated.

51. The second Mathews factor also weighs strongly in Petitioner's favor. On information and belief, ICE detained Petitioner without advance notice, disclosure of the asserted need for custody, or any pre-deprivation opportunity to be heard by a neutral decisionmaker. That procedure created a substantial risk that detention would be imposed even if Petitioner could safely be supervised in the community.

52. A short pre-deprivation process would have permitted consideration of Petitioner's lawful admission, pending asylum application, fixed residence, United States citizen spouse, children, clean criminal record, and any contrary evidence the Government believed established flight risk or danger. Recent courts in this District have repeatedly found that such process has significant value. See Qing Tu, No. 5:26-cv-04343-ACCV, Dkt. 10, at 6-7; Mei Yao, No. 5:26-cv-04735-DTB, Dkt. 9, at 8-11.

53. The third Mathews factor favors Petitioner on the present record. The Government unquestionably has important interests in enforcing immigration law, ensuring appearance, and protecting the community. But those interests do not establish a need to detain this particular Petitioner without prior neutral review. Respondents had ample time to provide process after Petitioner's B-2 period expired in March 2025 and before her August 2026 arrest. See *Galeano-Ariza v. Warden*, No. EDCV 26-4081-HDV-BFMx, 2026 WL 2491404, at *4 (C.D. Cal. Aug. 24, 2026).

54. Nothing in the presently available record identifies an exigency, sudden change in circumstances, criminal conduct, or other reason that made pre-deprivation review impracticable. Immigration custody hearings are routine, and the administrative burden of meaningful process is outweighed by the risk of erroneously depriving Petitioner of physical liberty. See *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017); *Qing Tu v. Janecka*, No. 5:26-cv-04343-ACCV, Dkt. 10, at 7-8; *Xin Lin v. Janecka*, No. 5:26-cv-04915-DFM, Dkt. 10, at 9-11.

55. Respondents' detention of Petitioner without constitutionally adequate notice and an opportunity for neutral review violated the Fifth Amendment. As in *Qing Tu*, *Mei Yao*, *Dixon*, and *Xin Lin*, the appropriate habeas remedy is release from the detention imposed without due process, subject to lawful non-custodial conditions, together with such further relief as the Court deems appropriate.

**COUNT TWO**

**Violation of 8 U.S.C. § 1226(a) and Governing Custody Procedures**

56. Petitioner realleges and incorporates paragraphs 1 through 55.

57. Petitioner was inspected and lawfully admitted as a B-2 nonimmigrant. Her later overstay does not place her within the statutory definition of an arriving noncitizen who has never been admitted.

Any pre-final-order detention authority applicable here therefore arises under 8 U.S.C. § 1226(a), absent some separately applicable mandatory-detention provision that Respondents must identify and establish.

58. Section 1226(a) is discretionary. It permits release on bond or conditional parole and contemplates individualized custody procedures rather than automatic confinement. 8 U.S.C. § 1226(a)(1)-(2); Avilez, 69 F.4th at 529.

59. To the extent Respondents characterize Petitioner as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), that position is inconsistent with her documented lawful admission and the statutory definition of "admission." 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1). Recent decisions involving admitted noncitizens detained for overstay-related grounds in this District have treated custody under § 1226(a). See *Dixon v. Warden, Adelanto ICE Processing Center*, No. 5:26-cv-05052-DFM, Dkt. 11, at 2-3; *Xin Lin v. Janecka*, No. 5:26-cv-04915-DFM, Dkt. 10, at 2-4.

60. Continued detention without the individualized process required by § 1226(a), its implementing regulations, and the Fifth Amendment is unlawful and subject to correction through habeas relief under 28 U.S.C. § 2241.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

(1) Assume jurisdiction over this action;

(2) Issue an Order to Show Cause and an expedited briefing schedule under 28 U.S.C. § 2243 and applicable local procedures;

(3) Declare that Petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), absent proof of another lawful detention authority;

(4) Declare that Petitioner's arrest and continued detention without constitutionally adequate pre-deprivation process violated the Due Process Clause of the Fifth Amendment;

(5) Issue a writ of habeas corpus requiring Respondents to release Petitioner immediately from the detention challenged in this action, subject to any lawful and reasonable non-custodial conditions of supervision;

(6) Alternatively, if the Court does not order immediate release, require Respondents to provide Petitioner an individualized custody hearing before a neutral decisionmaker within seven days, with release to follow if the hearing is not timely provided;

(7) Order Respondents to return any personal property and documents confiscated from Petitioner during her arrest and processing into detention;

(8) Enjoin Respondents from re-detaining Petitioner on the same asserted circumstances without constitutionally adequate notice and a pre-deprivation hearing before a neutral decisionmaker, absent a genuine emergency or materially changed circumstances;

(9) Order Respondents to file a prompt status report confirming compliance with any release or hearing order;

(10) Award Petitioner any fees and costs authorized by law, including as appropriate under 28 U.S.C. § 2412; and

(11) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of September 2026.

PLEX LAW GROUP, P.C.

By: /s/ Hanzhang Xu
Hanzhang Xu, Esq. (SBN: 312813)
Attorney for Petitioner