UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-05471-DFM | Date: | September 21, 2026 |
| Title | Xiaoqin Ren v. Markwayne Mullin et al. | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondent(s): |
| Not Present | Not Present |
| **Proceedings:** | **(IN CHAMBERS) Order Denying Application for Temporary Restraining Order** |

Petitioner Xiaoqin Ren has filed a counseled Petition for Writ of Habeas Corpus and Ex Parte Application for Temporary Restraining Order. See Dkts. 1 ("Petition"), 2 ("Application"). Petitioner's Application is **DENIED**.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a TRO, a petitioner must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the petitioner's favor; and (4) that an injunction is in the public interest. See id. at 20. "The first factor 'is a threshold inquiry and is the most important factor.'" Baird v. Bonta, 81 F.4th 1036, 1042 (9th Cir. 2023) (citation omitted). "When, like here, the nonmovant is the government, the last two Winter factors 'merge.'" Id. (citations omitted).

Central District of California General Order No. 26-05 sets an accelerated briefing schedule and process for petitions under § 2241 seeking the type of immigration-related relief sought here. See Dkt. 4. Under that General Order, applications for TROs "should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." Id.

Given the status of the briefing in this case and the nature of the harm alleged, the Court **DENIES** Petitioner's TRO Application on the grounds that Petitioner has not demonstrated the kind of "imminent, irreparable harm" that cannot be addressed on the expedited briefing schedule entered in this case by the General Order. Petitioner asserts only that the "deprivation of constitutional rights constitutes irreparable injury." Application at 6. The Court recognizes that the Ninth Circuit has held that this type of injury can constitute irreparable injury. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). However, asserting a constitutional claim does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

automatically entitle a petitioner to emergency relief. If the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. Accordingly, the Application is **DENIED**. The Petition will proceed under General Order 26-05.